UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 4:19 CR 77 ERW |
| v. ) | |
| ) | |
| SEAN BOURE, ) | |
| ) | |
| Defendant. ) | |

## GUILTY-PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

**1.    PARTIES:**

The parties are the defendant Sean Boure, represented by defense counsel Felicia Jones, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2.    GUILTY PLEA:**

   **A.    The Plea:** Pursuant to Rule 11(c)(1)(A), of the Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count One, Count Two, Count Four, Count Five, Count Six, Count Ten and Count Twelve of the Indictment the United States agrees to dismiss Count Three, Count Seven, Count Eight, Count Nine, Count Eleven and

Count Thirteen at the time of sentencing. Moreover, the United States agrees that no further federal prosecution will be brought in this District relative to defendant's violation of federal law, known to the United States at this time, arising out of the events set forth in the indictment.

**B.     The Sentence:** The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. **In consideration of the nature and circumstances surrounding the crimes to which the Defendant is pleading guilty, and in exchange for the United States' agreement to dismiss Counts Three, Count Seven, Count Eight, Count Nine, Count Eleven and Count Thirteen of the indictment, the parties agree and respectfully recommend that Defendant be sentenced to a term of imprisonment of at least 12 years and not more than 14 years, regardless of whether such sentence is accomplished via a Guidelines sentence or by means of a variance from a Guideline sentence. The Defendant understands that the Government will recommend to the Court that a sentence of 14 years (or 168 months, more specifically, 84 months concurrent on Counts One, Two, Four, Six, Ten, and Twelve; 84 months consecutive on Count Two; and 84 months consecutive on Count Five) in prison is the appropriate sentence in this case. The Government recognizes that Defendant will recommend that a sentence of 12 years (or 144 months, more specifically, 60 months concurrent on Counts One, Two, Four, Six, Ten, and Twelve; 84 months consecutive on Count Two; and 84 months consecutive on Count Five) in prison is the appropriate sentence in this case. The parties further agree that in light of the consideration described about, neither party shall request a sentence above 14 years or below 12 years.** The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

3. **ELEMENTS:**

A. **Counts One, Four, Six, Ten, Twelve:** As to each of Counts One, Four Six, Ten and Twelve, the Defendant admits to knowingly violating Title 18, United States Code, Section 1951, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

    (i) The Defendant obtained property from a commercial establishment engaged in interstate or foreign commerce;

    (ii) The Defendant did so by wrongful use of actual or threatened force, violence, or fear; and

    (iii) As a result of the Defendant's actions, interstate commerce, or an item moving in interstate commerce, was actually or potentially delayed, obstructed, or affected.

B. **Count Two and Five:** As to Counts Two and Five, the defendant admits to knowingly violating Title 18, United States Code, Section 924(c)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

    (i) The Defendant committed the crime of armed robbery as set forth in Counts One and Four of the Indictment; and

    (ii) The Defendant knowingly possessed and brandished a firearm in furtherance of that crime.

4. **FACTS:**

The parties agree that the facts in this case are as follows and that the United States would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be

considered as relevant conduct pursuant to Section 1B1.3:

**Count One and Two:**

On September 5, 2018, Overland Police Department officers were dispatched to TJ Wireless located at 10204 Page, Overland, Missouri in reference to an armed robbery. Upon arrival, officers were advised by employees that a subject, later determined to be Defendant, pointed a firearm with his left hand and demanded that everyone put their hands up. Defendant told J.A. to raise his shirt and demanded that J.A. give him the firearm located in his waistband. He then demanded that a J.A. empty the safe and put the money in a bag. Defendant stated that if anyone came from the back of the store he would shoot J.A. in the face. J.A. opened the register and removed all the cash from the register, placed the money into a bag and handed it to the Defendant. Defendant left the store with approximately $622.00 in U.S. currency. The incident was captured on video surveillance.

TJ Wireless is a commercial establishment engaged in interstate or foreign commerce and in the business of buying and selling articles and commodities that have been previously transported in interstate or foreign commerce.

**Count Four and Five:**

On October 2, 2018, Sunset Hills Police officers were dispatched to Cricket Wireless located at 1530 South Kirkwood Road in Sunset Hills, Missouri regarding an armed robbery. Upon arrival, officers were advised by witnesses that a subject, later determined to be Defendant, approach the counter retrieved a gray and black pistol from his bag. He then demanded large bills from the register and stated that if he did not get the money K.H. would get it. B.B. and K.H. placed money into a plastic bag and gave it to Defendant. He then left the store. Defendant left the

store with approximately $190.00 in U.S. currency. The incident was captured on video surveillance.

Cricket Wireless is a commercial establishment engaged in interstate or foreign commerce and in the business of buying and selling articles and commodities that have been previously transported in interstate or foreign commerce.

### Count Six:

On November 9, 2018, Bridgeton Police officers were dispatched to Boost Mobile located at 12110 St. Charles Rock Road, Bridgeton, Missouri in reference to an armed robbery. Defendant entered the building and began looking around. A.E. asked if he needed help with anything. The subject, later determined to be Defendant, reached into the bag he was carrying and pulled out a gray handgun with his left hand. He then pointed the handgun at A.E.'s chest. Defendant then told A.E. to be quite and give him all the money. A.E. removed cash from the register and threw the bills onto the counter. Defendant placed the handgun into his bag and asked where the big bills were. A.E. then retrieved a one hundred dollar bill from the back of the register and handed it to Defendant. Defendant then took the money from the counter and left the store. Defendant left the store with approximately $1,407.00 in U.S. currency. The incident was captured on video surveillance.

Boost Mobile is a commercial establishment engaged in interstate or foreign commerce and in the business of buying and selling articles and commodities that have been previously transported in interstate or foreign commerce.

### Count Ten:

On November 16, 2018, St. Louis Metropolitan Police officers were dispatched to Metro

PCS located at 4517 South Kingshighway, St. Louis, Missouri in reference to a "hold up." Upon arrival, officers were advised by employees that a subject, later determined to be Defendant, entered the store and advised B.B. that he wished to pay bill. As B.B. was looking up the account on the computer, Defendant pulled out a silver handgun which he was holding in his left hand and pointed it at D.H. and told B.B. to open the register and put the money in the bag. Defendant stated he would shoot D.H. if there were any sudden moves. B.B. placed two hundred dollars into a bag and handed it to the Defendant. Defendant walked out of the store. Defendant left the store with approximately $200.00 in U.S. currency. The incident was captured on video surveillance.

Metro PCS is a commercial establishment engaged in interstate or foreign commerce and in the business of buying and selling articles and commodities that have been previously transported in interstate or foreign commerce.

### Count Twelve:

On November 23, 2018, St. Louis County Police officers were dispatched to Cricket Wireless located at 8021 West Florissant Avenue, St. Louis, Missouri regrading a "hold up." Upon arrival witnesses indicated that the subject, later identified as the Defendant, came into the business requesting a new government issued cellphone. When he arrived at the counter he pointed a silver handgun at C.D. and demanded he hand over the money. C.D. took all of the money out of the register placed inti not a bag and handed it to Defendant. Defendant then pointed the firearm at C.D., L.M., and a customer, J.C., then demanded they all enter the back room and close the door. Defendant then exited the store.

Defendant left the store with approximately $700.00 in U.S. currency. The incident was captured on video surveillance.

Cricket Wireless is a commercial establishment engaged in interstate or foreign commerce and in the business of buying and selling articles and commodities that have been previously transported in interstate or foreign commerce.

5. **STATUTORY PENALTIES:**

   A. **Statutory Penalties**: The Defendant fully understands that the maximum possible penalties provided by law for the crimes to which the Defendant is pleading guilty are:

   (i) **Counts One, Four, Six, Ten and Twelve**: imprisonment of not more than twenty (20) years, a fine of not more than $250,000, or both such imprisonment and fine. The Court also may impose a period of supervised release of not more than three years.

   (ii) **Count Two and Five**: imprisonment of not less than seven years, but not more than life, consecutive to any other sentence imposed; a fine of not more than $250,000; or both such imprisonment and fine. The Court also may impose a period of supervised release of not more than five years. **The Defendant fully understands that the crime to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of seven years consecutive to any other sentence imposed.**

6. **U.S. SENTENCING GUIDELINES: 2018 MANUAL**

   The Defendant understands that these offenses are affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply:

   A. **Offense Conduct**:

   **COUNT ONE, FOUR AND TEN:**
   **ARMED ROBBERY**
   Page 7 of 16

(i) **Chapter 2 Offense Conduct:**

(a) **Base Offense Level:** The parties agree that the Base Offense Level is 20, as found in Section 2B3.1(a).

(b) **Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply: 2 levels should be added pursuant to Section 2B3.1(b)(2)(F) because a threat of death was made.

(ii) **Chapter 3 and 4 Adjustments:**

(a) **Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to Sentencing Guidelines Section 3E1.1(a) because Defendant has clearly demonstrated acceptance of responsibility. If the deduction pursuant to Sentencing Guidelines Section 3E1.1(a) is applied, then the United States moves to deduct one additional level pursuant to Sentencing Guidelines Section 3E1.1(b)(2), because Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

## COUNTS TWO AND FIVE: BRANDISHING OF FIREARM IN FURTHERANCE OF ROBBERY

(i) **Chapter 2 Offense Conduct:**

(a) **Base Offense Level:** The parties agree that the Base Offense Level is found in Section 2K2.4(b).

(b) **Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply: none known at this time.

(ii) **Chapter 3 and 4 Adjustments:** Pursuant to Section 2K2.4(b) and

Application Note 5, Chapters Three and Four do not apply.  Therefore, as to Counts Two and Five, Defendant is not entitled to an acceptance of responsibility reduction under Section 3E1.1.

### COUNT SIX and TWELVE:
### ARMED ROBBERY

(i) **Chapter 2 Offense Conduct**:

(a) **Base Offense Level**: The parties agree that the Base Offense Level is 20, as found in Section 2B3.1(a).

(b) **Specific Offense Characteristics**: The parties agree that the following Specific Offense Characteristics apply: none known at this time.

(ii) **Chapter 3 and 4 Adjustments**:

(a) **Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to Sentencing Guidelines Section 3E1.1(a) because Defendant has clearly demonstrated acceptance of responsibility.  If the deduction pursuant to Sentencing Guidelines Section 3E1.1(a) is applied, then the United States moves to deduct one additional level pursuant to Sentencing Guidelines Section 3E1.1(b)(2), because Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that if Defendant does not abide by all of the agreements made within this document, Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. The parties further agree that Defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the information known at the present time and that any actions of Defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with

Defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

  **B.** **Estimated Total Offense Level**: Based on these recommendations, the parties estimate that the Total Offense Levels are as follows:

    (i) **Count One, Four, and Ten**: The parties agree that the Total Offense Level for Count One is 20.

    (ii) **Count Two and Five**: The parties agree that with respect to Count Two Five, the Defendant will receive a mandatory minimum sentence of 84 months, which will run consecutively to any other sentence Defendant may receive.

    (iii) **Count Six and Twelve**: The parties agree that the Total Offense Level for Count Six and Twelve is 17.

  **C.** **Criminal History**: The determination of the Defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the Defendant's criminal history and the applicable category. The Defendant's criminal history is known to the Defendant and is substantially available in the Pretrial Services Report.

  **D.** **Effect of Parties' U.S. Sentencing Guidelines Analysis:** **In consideration of the nature and circumstances surrounding the crimes to which the Defendant is pleading guilty, and in exchange for the United States' agreement to dismiss Counts Three, Seven, Eight, Nine, Eleven, Thirteen of the indictment, the parties agree and respectfully recommend that**

**Defendant be sentenced to a term of imprisonment of at least 12 years and not more than 14 years, regardless of whether such is accomplished via a Guidelines sentence or by means of a variance from a Guidelines sentence. Defendant is aware that the Government will recommend to the Court a sentence of 14 years. The Government is aware that Defendant will request a sentence of 12 years.** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

7. **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

A. **Appeal:** The Defendant has been fully apprised by defense counsel of the Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

i. **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statutes to which Defendant is pleading guilty, and whether Defendant's conduct falls within the scope of the statutes.

ii. **Sentencing Issues:** In the event the Court accepts the plea and, after determining a Sentencing Guidelines range, sentences the Defendant to the parties' recommended sentence of 168 months or to a term less than 168 months, then, as part of this agreement, the Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History. Similarly, the United States hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea and sentences the Defendant to the parties'

recommended sentence of 168 months or to a term greater than 168 months.

      **B.**    **Habeas Corpus:**    The Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

      **C.**    **Right to Records:**    The Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.**    **OTHER:**

      **A.**    **Disclosures Required by the United States Probation Office:**    The Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the United States.

      **B.**    **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**    Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the Defendant.

      **C.**    **Supervised Release:**    Pursuant to any supervised release term, the Court will impose standard conditions upon the Defendant and may impose special conditions related to the crime Defendant committed. These conditions will be restrictions on the Defendant to which the Defendant will be required to adhere. Violation of the conditions of supervised release resulting

in revocation may require the Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The Defendant understands that parole has been abolished.

      **D.**    **Mandatory Special Assessment**: Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $700, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

      **E.**    **Possibility of Detention:**   The Defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

      **F.**    **Fines and Costs of Incarceration and Supervision:**   The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment.

      **G.**    **Forfeiture:**   The Defendant agrees to forfeit all of the Defendant's interest in all items seized by law-enforcement officials during the course of their investigation. The

Defendant admits that all United States currency, weapons, property, and assets seized by law enforcement officials during their investigation constitute the proceeds of the defendant's illegal activity, were commingled with illegal proceeds, or were used to facilitate the illegal activity. The Defendant agrees to execute any documents and take all steps needed to transfer title or ownership of said items to the United States and to rebut the claims of nominees and/or alleged third party owners. The Defendant further agrees that said items may be disposed of by law enforcement officials in any manner.

9.  **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against the Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The Defendant further understands that by this guilty plea, the Defendant expressly waives all the rights set forth in this paragraph.

The Defendant fully understands that the Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The Defendant's counsel has explained these rights and the consequences of the waiver of these rights. The Defendant fully understands that, as a result of the guilty plea, no

trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The Defendant is fully satisfied with the representation received from defense counsel. The Defendant has reviewed the United States' evidence and discussed the United States' case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the Defendant has requested relative to the United States' case and any defenses.

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the Defendant states that no person has, directly or indirectly, threatened or coerced the Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The Defendant further acknowledges that this guilty plea is made of the Defendant's own free will and that the Defendant is, in fact, guilty.

11. **CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if Defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The United States may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the United States agrees to dismiss or not to bring.

| | |
|---|---|
| 8/19/20<br>Date | _Linda Lane_<br>LINDA LANE<br>Assistant United States Attorney |
| 8-14-20<br>Date | _Sean Boure_<br>SEAN BOURE<br>Defendant |
| 8/17/20<br>Date | _Felicia Jones_<br>FELICIA JONES<br>Attorney for Defendant |